NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 54

No. 2021-102

In re N.M., Juvenile

Supreme Court

On Appeal from
Superior Court, Chittenden Unit,
Family Division

July Term, 2021

Megan J. Shafritz, J.

Adele V. Pastor, Barnard, for Appellant.

Andrew M. Gilbertson, Chittenden County Deputy State's Attorney, Burlington, for Appellee
  State.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1.    **EATON, J.**    In these delinquency proceedings, juvenile appeals the family division's order granting the request of the Department for Children and Families (DCF) to place him in an out-of-state secure facility. Juvenile argues that he is entitled to an independent, second evidentiary hearing, pursuant to 33 V.S.A. § 5291(d), on the question of whether he should be placed in the secure facility. We conclude that § 5291(d) is inapplicable in the post-disposition phase of this case, and therefore deny the request. Insofar as juvenile makes no other arguments in support of his appeal, the appeal is dismissed.[1]

---

[1] We dismiss the appeal rather than affirm the family division's May 7, 2021 order because juvenile has not filed a brief challenging the merits of the May 7, 2021 order; rather, he asks only that we grant him a second evidentiary hearing under an inapplicable statutory provision.

¶ 2.    The facts and procedural history of this case can be briefly summarized as follows. Juvenile is the subject of at least four separate delinquency proceedings initiated between June 2019 and September 2020, all of which reached post-disposition stage in mid-to-late 2020, many months before the family division's May 7, 2021 order under review here. The charges underlying the delinquency petitions ranged from retail theft to simple assault to assault and robbery, with multiple counts of probation violations. Since juvenile was placed in DCF custody, juvenile has had multiple placements, including at home with his mother and in several treatment facilities, both in-state and out-of-state.[2]

¶ 3.    On May 3, 2021, shortly after juvenile was charged in the criminal division with aggravated assault with a deadly weapon and reckless endangerment, the State filed a motion with the family division in connection with the delinquency proceedings for an emergency hearing seeking juvenile's placement, pursuant to the Interstate Compact on Juveniles, in a Manchester, New Hampshire secure detention/treatment facility for juveniles.[3]   See 33 V.S.A. § 5906 (providing that adjudicated delinquent may be placed in out-of-state institution following hearing if court finds that: "(1) equivalent facilities for the child are not available in the sending agency's jurisdiction; and (2) institutional care in the other jurisdiction is in the best interest of the child and will not produce undue hardship"). On May 6-7, 2021, the family division held an evidentiary hearing on the State's motion. Witnesses for the State testified, among other things, that: (1) in less restrictive placements, juvenile had refused to engage in programming, had been aggressive toward other residents, or had left the facilities without permission; (2) juvenile posed a threat to

---

[2]  At one point, juvenile was also placed in a Vermont secure facility, Woodside. Woodside is no longer in operation, and there is no other secure juvenile facility operating in Vermont, prompting DCF to seek juvenile's placement at the New Hampshire secure juvenile facility.

[3]  At the time of the hearing on the State's motion, a request for youthful offender status regarding the charges was pending.

himself and others outside the confines of a secure facility; and (3) since the closure of Woodside, there is no secure facility for juveniles in Vermont.

¶ 4.      At the hearing, there was some discussion on whether, given DCF's request to place juvenile in an out-of-state secure facility, the hearing concerned not only § 5906 of the Compact, but also 33 V.S.A. § 5291 concerning the process for placing at a secure facility juveniles charged with delinquency.  Following the close of evidence, the court concluded that, under either § 5906 or § 5291, the State had met its burden for the court to approve juvenile's placement at the New Hampshire facility.  The court cited evidence of juvenile's leaving non-secure facilities without permission on multiple occasions and of the absence of a secure facility for juveniles in Vermont.  Regarding § 5906, the court found that equivalent facilities to address juvenile's needs were unavailable in Vermont and that placement in the New Hampshire facility was in juvenile's best interest, in terms of keeping him safe, and would not create an undue hardship for him.  The court then went on to find that "if" § 5291 is applicable, "there is no other suitable placement available to [juvenile] and that he does present a risk of injury to himself and others."

¶ 5.      At the conclusion of the second day of the hearing, the family division filed an order citing only § 5906 and finding, as required by that statute, that equivalent facilities for juvenile under the circumstances were not available and that placement in the requested out-of-state facility was in juvenile's best interest and would not produce undue hardship.  Three days later, juvenile filed a notice of appeal of that order "pursuant to 33 V.S.A. § 5291(d)."  In his docketing statement, juvenile identified the issue on appeal as whether a hearing under § 5906 is sufficient to place a juvenile in a secure facility under § 5291(d).

¶ 6.      After we established a briefing schedule for review of the appeal, juvenile filed, in lieu of a brief, a motion for an independent, second evidentiary hearing under § 5291(d). The State filed a response opposing the motion.  As explained below, we conclude that § 5291(d) is not applicable in the post-disposition phase of these delinquency proceedings.

3

¶ 7.    Section 5291 deals with the detention or treatment in secure facilities of juveniles charged as delinquents.  Under § 5291(a), "[p]rior to disposition, the court shall have the sole authority to place a child" in DCF custody in a secure facility for the detention or treatment of delinquent children, pending DCF's determination that a suitable placement is available upon "finding that no other suitable placement is available and the child presents a risk of injury to himself or herself, to others, or to property." (Emphasis added.)  Subsections 5291(b) and (c) deal primarily with the time frames for holding merits and disposition hearings, respectively, before further review is required following the court's approval of a placement in a secure facility under § 5291(a).  Subsection 5291(d) provides, in part, that a juvenile placed in a secure facility under subsections (a), (b), or (c) "shall be entitled to an independent, second evidentiary hearing, which shall be a hearing de novo by a single justice of the Vermont Supreme Court."  Significantly, § 5291(e) provides that "[f]ollowing disposition, the [DCF] Commissioner shall have the sole authority to place a child who is in the custody of the Department in a secure facility for the detention or treatment of delinquent children pursuant to the Department's administrative policies on admission."  (Emphasis added.)

¶ 8.    Subsection 5291(d) does not apply to § 5291(e), which gives the DCF Commissioner sole authority to place a child in a secure facility in a post-disposition setting.  We have little doubt that the criteria in § 5291(a) would have to be satisfied, and that a second evidentiary hearing under § 5291(d) would have to be made available, in the context of a delinquency proceeding in a pre-disposition phase where there is a request for placement in an out-of-state secure facility.  But we need not consider that question here under the circumstances of this case, which involves a post-disposition placement decision.  Juvenile was not placed in a secure detention facility pursuant to § 5291(a), (b) or (c), and thus the second evidentiary review provision of § 5291(d) is inapplicable.  In these circumstances, under the plain language of § 5291, no independent, second evidentiary hearing is available.  See In re M.C., 2018 VT 139, ¶ 9, 209

4

Vt. 219, 204 A.3d 1123 ("Where the Legislature's intent can be ascertained from the plain meaning of the statute, we interpret the statute according to the words the Legislature used." (quotation omitted)). Insofar as juvenile's request for a second evidentiary hearing under § 5291(d) is the only issue raised in this appeal, we dismiss the appeal.

Appeal dismissed.

FOR THE COURT:

_____

Associate Justice